May I please the court I'm Allison Mendel I'm a counsel for Stacy Hunt from Anchorage, Alaska. I'm sure that the court is familiar with the briefs and there are quite a number of issues that are treated in the briefs I'm not going to try to hit on all of them today. I think there are three principal errors in the resentencing. The first is the question of the drug type and quantity. I think it's quite clear from the record of the change of plea and I I I think even the government agrees with this that Mr. Hunt did not admit to the drug type or the drug quantity. I thought they I thought they their position is that he did admit to the drug type. Well I think what they said. They acknowledged that there was a quantity. Yes I think what they're saying is that he didn't deny the drug type but that's not the nature of the defendant's admissions at a change of plea. He has to affirmatively admit the facts to which he's pleading and he doesn't have to I mean it makes no difference whether he then lists all the facts to which he's not pleading and it's clear that there is nothing in his plea where he admits either the drug type or the drug quantity and in fact there's that one troubling statement by the judge where he says to the defendant you admit that it was cocaine or some illegal drug and the defendant's a controlled substance controlled substance thank you your honor and the defendant says yes so almost inviting him not to commit to a particular type of drug the whole surrounding colloquy made it very clear that they were talking about cocaine and he admitted to that did he know no I don't think he did not it not at the change of plea in the the time where there was an admission so called about the type of drug was something his attorney said earlier on but the yes I knew it was cocaine and that's what I'm admitting to the product was whatever it was was in a sealed box for arriving in Alaska and then was examined he didn't have his hands on it at all he never did he never never saw the contents never waited out his counsel didn't have that opportunity either that's correct there there is no allegation that he opened the box that he saw what was in it that he had an opportunity to know what was in it to weigh the contents or anything there's simply no allegation what let me ask you this what's the remedy the remedy is resentencing and as I understand well that take it to the lot take it to the folks take it all the way out what what what would happen at a resentencing the range is lower isn't it yes I think the lower starting at zero and and I as I understand the this court's precedents the government at resentencing would have to prove beyond a reasonable doubt the drug type and quantity as part of the sentencing but that certainly is not what he pled to to the government so in your view so so if we were to agree with you yes so it's your position on remand it could go back for resentencing the to establish that it was cocaine but they would just have a higher burden of proof doesn't he have a right to have a jury trial on that well your honor I confess I am still confused on that issue I think us versus Thomas says he doesn't have to have a jury trial but he does benefit from the reasonable doubt I think he had the judge has to find beyond a reasonable doubt he's been tried he's been convicted yes and and the question here is the sentencing correct and it's based on proof that came in during the course of the conviction is that not correct no the proof came in in the course of the sentencing no the assertion was made in the course of sentencing but there wasn't a factual question submitted to the jury as to amount no well no there was no jury I mean there was a change of plea and they and the plea did not include the type or amount of drugs so there simply is no fact on which to sentence him from the from the plea well let me ask you about this passage the AUSA states at the plea hearing the elements would be that on or about a certain day he attempted possess a parcel it contained a little over a kilo of cocaine and he did so knowingly the court can ask if he understood and he said yes well I think the question I think that's really plain I think that the judge said do you understand that that's their allegation and he says yes when he when he goes on to state what elements he's pleading to these the that he agrees to that is not included then he says later yes I understand these elements of course he says he doesn't agree he has no knowledge of the specific amount and never opened the package but I do accept responsibility for whatever was in it now the whole discussion is all about cocaine and the cocaine in the package and over 500 or over four were kilo don't we take that into consideration or not I think that is exactly the fact situation in us versus Thomas where he said I'm taking responsibility for whatever was in that bag but I don't know what was in the bag because I didn't look at it and I'm taking your word for it well he didn't Thomas didn't take the government's word for how much it weighed there was a dispute about that but in this case my client did not dispute the chemical findings but he said he had no knowledge of what it was or how much it weighed the only I mean this gets to what I count as major error number two which is the only thread linking his knowledge of what was in that box was the alleged confession and the government keeps that he ordered a box and that's that's admitted isn't it you can see that he ordered a product well but you don't you don't concede that he had opened the box and knew and weighed and well ordered the box I mean actually we we don't concede that because the whole problem of the contents of the confession the judge declined to rule and did not rule on whether any of those facts were admissible in the sentencing and Hunt clearly objected to the use of anything in the confession and the judge said never mind I'm gonna listen to it and I'll decide based on what's admissible and never made a ruling on whether the text of the confession was admissible evidence in the sentencing does restudicator apply here I'm sorry I'm what I'm sorry I to what issue that's the point I'm trying to get it and the government can put on such proof as it may have or he may want to try he may want to go to trial well he might I mean are we talking about you know I I don't think that the government can put on new evidence at a resentencing I think that the government why not we said we've said on a remand that we generally send back on an open record counselor you haven't consulted with your client on whether he'd go to a new trial have you no not at all absolutely not comfortable making a commitment on his behalf no absolutely not I have no notion whether he would be willing to go to trial or want to go to trial that's you down to about a minute you want to reserve you may do so I do I do thank you very well we'll hear from the government counseling may proceed may it please the court counsel my name is Andre Stewart and I represent the United States in this case there are several issues in this appeal but the primary one that was just focused on was what type of drug was was pled to and sentenced in this case and the record is clear that it was cocaine it was never disputed that it was yeah but the key here is did he or did he not admit to it's being cocaine and I can't find that I've been you heard my colloquy that it's certainly there's a surrounding aura that we're all talking about cocaine but he knew the words were never in his mouth so what do we do certainly and your honor in the in the normal course of a plea the government in our district gives a factual basis the defendant then says yes or no and and you move on the defendant doesn't typically have to say I agree it was that I that there was coke I agree I attempted to possess it very specifically denied knowledge of the weight and he denied knowledge of the substance and proved that he never had access to the box and as your honor Judge O'Scanlan was pointing out earlier in the discussion of the elements and the penalties that the in the record at five six eight nine and eleven the discussion was about cocaine there and the defendant acknowledged that that they were discussing cocaine when the government set out its factual basis at 15 and 16 in the record the defendant said and and in the factual record the government specifically references the confession that the hunt had made previously the defendants own admission which was not objected to at the change of plea this is at 15 and 16 in the record the government makes reference this is a quote the written statement at hunt made a written statement admitting that he had received a controlled delivery of over 500 grams of cocaine he admitted he ordered it the drugs from an individual identified as DT so in in the factual basis is his hunt's own admission and what hunt disputes further down the page is he says for the most part those facts are true the only thing he disputes is that he didn't have specific knowledge of what was in the package and that's consistent with the elements in and in the elements of this possession attempt to possess with intent to distribute the defendant does have to know what the drug was although I think you're saying that I somebody could put some cocaine in my pocket and that I could be convicted no he had to have the intent to attempt to possess it and here he says he admits that there question of record did you intend to possess cocaine I'm sorry is there a question of record with an answer did you intend to possess cocaine well I testified to that in in the record and objected to is his admission that was provided in writing and it's cited in the record without objection the only thing he objects to is that he didn't know exactly how much and what was in that package and I admit all the elements of an 841 a1 I also and as also as I said I did not receive the package and open it so I have no specific knowledge of what it contained other than it did contain a controlled substance that I do know and I did attempt to possess that controlled substance he says for the most part the facts are true so he's admitting everything above except for that he says he didn't know what was in it and as I said you don't have to know what was in it this is just like Thomas which is cited by the defendant and was was discussed here previously Thomas did the same exact thing and he said I didn't know what was in the bag but but he had reckless disregard as what was in the bag and the element is you don't actually have to know what was in the bag he knew it was a controlled substance that's what he has to know there's no dispute anywhere in the record that it was cocaine and in fact even if the court found that there was an error it is a harmless error the is that it's harmless beyond a reasonable doubt because there's overwhelming and uncontroverted evidence and disputed in the record that the drug he attempted to possess was cocaine well that might sustain a jury verdict of guilty but we have a change of plea hearing I believe we're dealing with a with a guilty plea I believe that's the same as the Peta Martinez that's the Ninth Circuit case where it was a removal case similarly in that case and following Butler versus Cutler I believe they said that and that the Peta Martinez was a change of plea and they said there was undisputed evidence in the record that the drug attempted to possess was well in this case cocaine not only at the change of plea as we already mentioned but also the defendant at the pre-sentence report in paragraphs 20 and 29 were never objected to that set out the drug and the drug amount he did dispute the drug amount at least at the change of plea and and then the lab report this was an extensively briefed and there was four briefings and three hearings all related to the sentencing them correct well what it goes to is that the record is that the fact that it was cocaine was never disputed never what what he disputed was that he was never disputed he expressly said he doesn't know what's in it that's not that's different than saying I don't that that wasn't cocaine and he doesn't have to know what's in the bag to be guilty of the crime at the sentencing hearing at 53 and 56 the lab report came in that it's 1.2 kilograms of cocaine that was undisputed that it was cocaine at that time as well and this is an evidence that it's it's shows that everybody was on the same page at going throughout it that the dispute was whether he knew it was cocaine not that it was cocaine a docket number at the record at 73 supplemental and I'm citing all my sites are to the supplemental excerpt of record oh he's not this is the defense counsel he's speaking of hunt oh he's not innocent he was cocaine he accepts responsibility for that that was at the first sentencing hearing at the third sentencing hearing at the record at 212 the defense counsel says the official position is that the for the guidelines is that it was an unspecified amount of cocaine so there's nowhere in the record that if there was any dispute as to the type of drug there was a dispute over to the quantity and whether he knew what type of drug it is but I think even that is overcome with the change of plea at the record at 15 and 16 let me ask you what what a super moment that that we don't agree with your argument but what's the remedy well as I said I believe it is harmless air beyond reasonable doubt okay but if the judges were to find that there there was an air and that it wasn't harmless what happens on resentencing that's my question let's say you're back in front of the district judge and and he's pled to the the record is what it is with his plea what happens it said what's the range what has to happen well I think it's a tough question there doesn't seem to be an precedent for it there'd be double jeopardy if he was sentenced had to go back and be resentenced or or there was supplemental testimony in proof of what you're trying to prove well I don't I guess I bring it back to there doesn't need to be any additional evidence because it's in the record that there it was 1.2 kilograms of cocaine it's undisputed and the only dispute is whether you do it that's not what he acknowledged yeah we're talking about a guilty plea here we're not talking about a conviction after a jury trial there's a difference and again I rely on as a beta Martinez which in that case it was a removal of an alien and that they there was mention of the removal at the change of plea but then at the sentencing or there was a dispute as to whether it was specific enough and the court the Ninth Circuit found that the the record was overwhelming and uncontroverted that the removal had occurred and that included the PSR and the documentation and evidence at sentencing okay but suppose we remand for resentencing suppose with the suppose that's what what the court does what happens at that is the court confined to marijuana level rather than the cocaine level well I believe it or or or what it's a sentencing issue so it's it's not an element of the crime so then the court could make findings and it wouldn't be double jeopardy as to the type and quantity of the drug amount so it could be sent back and found made a finding beyond reasonable doubt says to the drug type and quantity because it was an element so it wouldn't be double jeopardy I did want to make one note on another issue regarding the notice of upward departure I in my brief responding to defendants arguments about whether the gang Association was enough for upward departure regarding notice in 32h I in my response I focus solely on the fact that there was actual notice of the gang response I also wanted to point out that they're in the record that's focusing the point too narrowly that in fact the the entire criminal history the 20 years of violence and drug trafficking that was under represented after several adjustments were made that was the basis for the upward adjustment and there was notice in the record both in the PSR in the government's pleas and at the in the second court hearing that there would be an upward departure so I just wanted to make sure that was clear Thank You counsel thank you spindle you have some reserve time thank you your honor I'm afraid neither party to this case seems to have a very good answer to what happens on resentencing and I I do think that the question is very murky and I have not focused my arguments on that issue I do think it's a very difficult question and I don't think that the government can go back and put on a new case the second time around that they didn't put on the first time I just want to comment on one but I think your argument is that he's confined to the marijuana yes line right which would be time served or one year or something like that I mean I believe so yes I compared to 15 years yes which is a huge difference and in particular in the light of a client who has quite a record he has quite a record and he has served time and been penalized for all of the things for which he was convicted so I you know I don't really think it's the court's job to have to punish him for things other things oh of course what's your response to the government's argument that because the sentencing factor is not an element it's not double jeopardy well I thought he finds beyond a reasonable doubt I'm afraid I haven't thought that one all right that's fine I do want to say one thing in my last 10 seconds and that is the government keeps saying both in the brief and at oral argument that there was quote-unquote no objection to certain statements by the government made it the change of plea and I'm sure the court completely understands the change of plea is not an evidentiary proceeding the government is not putting on evidence and you don't have to object to the evidence or where they say the evidence came from they simply make an offer of proof of what they plan to prove and the defendant agrees with it or doesn't agree with it and even though the government said a bunch of things that the defendant didn't agree to those are then not admitted facts simply because the government said all right Thank You counsel the case just argued will be submitted for decision
judges: Beezer, O'scannlain, Paez